This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HOMER SAENZ,**

Plaintiff-Appellant,

v.                                                          **NO. 32,989**

**CITY OF CARLSBAD,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

William N. Weiss
Carlsbad, NM

for Appellant

City of Carlsbad
Eileen Riordan, City Attorney
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Plaintiff appeals from the district court's order of summary judgment entered in favor of the City of Carlsbad (the City) on grounds that sovereign immunity was not waived for Plaintiff's claims. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has filed a response to our notice. We are not persuaded that district court erred, and affirm.

{2}      On appeal, Plaintiff contends that the City had jurisdiction over the road, on which Plaintiff was injured, for purposes of establishing liability for breach of the duty to maintain the road under the Tort Claims Act, NMSA 1978, Section 41-4-11(A) (1991). [MIO 4, 10-15] At the heart of Plaintiff's contentions is his assertion that the City had jurisdiction over the road in question, the National Parks Highway (NPH), and its sidewalks, because it was within the city limits and the City exercised control over it. [Id.] Our notice proposed to hold that there was no material fact dispute that the New Mexico Department of Transportation (NMDOT) owned the NPH and its sidewalks, not the City, and that without an arrangement with the NMDOT for the road's maintenance, the City had no duty to maintain it. Our notice construed Plaintiff's arguments to be substantially similar to those rejected by this Court in *Bierner v. City of Truth or Consequences*, 2004-NMCA-093, ¶¶ 16-20, 136 N.M. 197, 96 P.3d 322. Plaintiff's response to our notice does not examine *Bierner* or explain why our reliance on it was inappropriate. Instead, Plaintiff sets forth examples of how

the City exercised control over the NPH, which Plaintiff characterizes as "exercis[ing] exclusive jurisdiction" over the road. [MIO 11-14] Plaintiff relies mostly on *Rutherford v. Chaves Cnty.*, 2002-NMCA-059, ¶ 12, 132 N.M. 289, 47 P.3d 448, in its discussion of the City's jurisdiction. [MIO 11-15]

{3}     We are not persuaded that *Rutherford* supports Plaintiff's understanding of the term jurisdiction as it is used in the context of the duty to maintain a road. As the *Bierner* Court pointed out, "in *Rutherford*, the parties did not dispute that the government entity being sued was responsible for maintaining the road in question." *Bierner*, 2004-NMCA-093, ¶ 19, (citing *Rutherford*, 2002-NMCA-059, ¶ 12). The analysis in *Rutherford* involved what acts or omissions of the county constituted maintenance. *See Rutherford*, 2002-NMCA-059, ¶ 15. In *Bierner*, this Court specifically held that a city had no duty to maintain a road, as contemplated under the waiver of immunity in the statute, that was owned by the Highway Department. 2004-NMCA-093, ¶¶ 16-20. Jurisdiction over the road, to the extent the term has meaning in this context, is linked to ownership and responsibility to maintain. *See id.* ¶¶ 11-20. As in *Bierner*, Plaintiff asks us to "impose on another government entity a duty to maintain a road it did not own[.]" *Id.* ¶ 19. As we did in *Bierner*, we decline to impose such a duty in this case also. *See id.*

3

{4}    For the reasons stated in this Opinion and in our notice, we affirm the district court's order of summary judgment in favor of the City.

{5}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**M. MONICA ZAMORA, Judge**